IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD ROBERTSON,

      Plaintiff,                             No. CIV S-04-1587 DFL GGH P

    vs.

T. GUZMAN, et al.,                     <u>ORDER</u>

      Defendants.

_____/

      Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on the amended complaint filed September 10, 2004. Named as defendants are T. Guzman and T. Carey. The amended complaint includes a claim challenging plaintiff's exposure to second-hand smoke. In the opposition to the pending motion to dismiss, plaintiff voluntarily dismisses this claim.

      The amended complaint includes two additional claims: 1) for indigent inmates, California State Prison-Solano (CSP-Solano) will only pay for legal mail addressed to the courts and the California State Board of Control; 2) only mail to and from the courts and the California State Board of Control is processed as confidential mail; consequently, all other legal mail is processed with the general mail, causing delays in its delivery and subjecting it to inspection by prison officials. As relief, plaintiff seeks injunctive relief only.

Pending before the court is defendants' February 8, 2005, motion to dismiss for failure to exhaust administrative remedies and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b) and 12(b)(6). The motion only addresses plaintiff's claim challenging the indigent inmate postage policy.

Whether plaintiff has exhausted administrative remedies presents a thorny issue. Prison officials dismissed a group appeal filed by plaintiff and other inmates challenging the at-issue policies as duplicative of an appeal filed by inmate Antolin Andrews. Because prison officials treated the group appeal as duplicative of the individual appeal plaintiff may have exhausted his administrative remedies.

Plaintiff pursued another group appeal challenging the at-issue policies to the Director's Level. Defendants argue that this appeal was exhausted after plaintiff filed this action. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002)(appeals must be exhausted prior to filing of action). Plaintiff argues that because prison officials did not respond to his appeals within the time limits, he was not required to wait until the grievance procedure was completed before filing this action. See Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998); see also Foulk v. Charrier, 262 F.3d 687 (8th Cir. 2001)(remedies were not "available" to a prisoner when the warden did not respond to the inmate's grievance during the time period required by regulations).

Because the court has determined that plaintiff's claim challenging the indigent inmate postage policy fails to state a claim, the court need not consider the issue of administrative exhaustion at this time. For the reasons discussed below, plaintiff's claim challenging the indigent inmate postage policy is dismissed with leave to amend. 28 U.S.C. § 1915(e)(2)(court may dismiss action at any time if it determines the complaint fails to state a claim on which relief may be granted). Accordingly, defendants' motion to dismiss is vacated.

/////
/////
/////

In order to state a claim for denial of the right to access the courts, the prisoner must allege an actual injury. <u>Lewis v. Casey</u>, 518 U.S. 343, 351, 116 S.Ct. 2174 (1996). For the following reasons, the court finds that plaintiff has failed to demonstrate an actual injury with respect to his claim challenging the indigent inmate postage policy.

Plaintiff alleges that he filed a habeas corpus petition in the United States District Court for the Central District of California. This action was stayed so that plaintiff could exhaust additional claims. Plaintiff alleges that state rules required him to serve his state petition on the District Attorney. He alleges that he was unable to serve the District Attorney because of the at-issue policy. The Superior Court returned his petition because it was not properly served. Petitioner then sent re-served his petition on the Superior Court with a proof of service stating that he had served the District Attorney.

When proceeding with his habeas actions in the California Court of Appeal and California Supreme Court, plaintiff was required to serve his pleadings on the Attorney General's Office. Because of the at-issue policy, he was unable to do so.

Although plaintiff claims that he was unable to serve the District Attorney and the Attorney General with his habeas petitions, as required by state law, he does not allege that any action was dismissed as a result of his failure to comply with the service rules. Accordingly, the court finds that these claims do not demonstrate actual injury. If plaintiff files an amended complaint, he must demonstrate an actual and not just potential injury.

Plaintiff also claims that defendant Guzman changed the policy regarding the processing of legal mail so that legal mail other than that to and from from courts or the Board of Control is processed with the general mail. As a result, it took plaintiff thirty days to receive mail from the Attorney General's office. In addition, the legal mail processed as general mail was opened in violation of plaintiff's constitutional rights.

/////

/////

1         Plaintiff's claim that defendant Guzman held his mail from the Attorney
2 General's Office for thirty days implicates plaintiff's right to access the courts. Because plaintiff
3 does not allege any actual injury as a result of this incident, this claim is dismissed.
4         Plaintiff also alleges that on May 20, 2004, defendant Guzman opened mail from
5 plaintiff addressed to the District Court in violation of his constitutional rights. This claim states
6 a colorable claim for relief.
7         Plaintiff also claims that defendant Guzman improperly held his mail addressed to
8 the District Court for over one month. Plaintiff claims that his mail addressed to the court
9 contained objections to the magistrate judge's order staying his case until the Supreme Court
10 decided <u>Pliler v. Ford</u>. Additional information is needed in order to determine whether these
11 allegations state a claim for violation of the right to access the courts. If the action was filed in
12 this court, the second amended complaint should state the case number. If the action was not
13 filed in this court, plaintiff must inform the court whether his action was stayed and if it has been
14 reopened.
15         Plaintiff also alleges that he has been attempting to send a claim to the Public
16 Utilities Commission to protest MCI's action to cut of his telephonic access to his family.
17 Plaintiff alleges that defendant Guzman failed to mail that document to the Public Utilities
18 Administrative Law Judge. Plaintiff also alleges that the Prison Law Office posted a notice
19 seeking information from inmates about their experiences with the Dental Site. Plaintiff alleges
20 that defendant Guzman refused to send his letter addressed to the Prison Law Office in response
21 to this notice.
22         The right of access to the courts does not "guarantee inmates the wherewithal to
23 transform themselves into litigating engines capable of filing everything from shareholder
24 derivative actions to slip-and-fall claims. The tools it requires to be provided are those that the
25 inmates need to attack their sentences, directly or collaterally, and in order to challenge the
26 conditions of their confinement." <u>Lewis</u>, 518 U.S. at 355, 116 S.Ct. at 2182. A complaint to the

Public Utilities Commission does not invoke plaintiff's right to access the courts. Plaintiff's letter to the Prison Law Office in response to a solicitation for information regarding dental care also does not invoke this right. Accordingly, these claims are dismissed.

Plaintiff also argues that the postage policy violates his right to Equal Protection because inmates at other prisons are not subject to the same restrictions. Defendants have moved to dismiss this claim. Plaintiff's Equal Protection claim is essentially a restatement of his claim alleging violation of his right to access the courts. Where a claim can be analyzed under "an explicit textual source of rights in the Constitution, a court may not also assess the claim under another, "more generalized," source. Graham v. Connor, 490 U.S. 386, 394-95, 109 S.Ct. 1865 (1989)(analyzing claim under Fourth Amendment but not under substantive due process); see also Hufford v. McEnaney, 249 F.3d 1142, 1151 (9th Cir. 2001)(analyzing claim under First Amendment but not under substantive due process); Armendariz v. Penman, 75 F.3d 1311, 1319 (9th Cir. 1996)(analyzing claim under Fourth and Fifth Amendments but not under substantive due process). Because plaintiff's right to access the courts provides the explicit source of constitutional protection, plaintiff's Equal Protection claim is dismissed. If plaintiff files an amended complaint, he should not include an Equal Protection claim

Defendants' motion does not address plaintiff's claims that his legal mail other than that to and from the courts and Board of Control is no longer processed confidentially. Plaintiff alleges that prison officials now open and inspect this legal mail. If plaintiff does not file an amended complaint, defendants shall file a response to this claim. See O'Keefe v. Van Boening, 82 F.3d 322 (9th Cir. 1996).

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to voluntarily dismiss his claim challenging defendant Carey's failure to help inmates who wish to stop smoking is granted;

2. Defendants' motion to dismiss filed February 8, 2005, is vacated;

/////

3. Plaintiff's claims challenging the indigent inmate postage policy and the delay in the processing of his legal mail are dismissed; plaintiff is granted thirty days to file a second amended complaint; if plaintiff does not file a second amended complaint, defendants shall file a response to plaintiff's claims regarding the inspection of his incoming and outgoing legal mail and his claim that defendant Guzman opened his mail addressed to the court.

DATED:   4/22/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
rob1587.m